IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:06CR00062 |
| v. | ) | **OPINION** |
| **DAMIAN ANTONIO MURPHY,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Damian Antonio Murphy, Pro Se Defendant.*

The defendant has filed a Motion for Reconsideration (ECF No. 296) of the court's ruling of May 8, 2012. Upon review of the motion and court records, I deny the Motion for Reconsideration and construe and summarily dismiss it as a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C.A. § 2255 (West Supp. 2012).

I

Damian Antonio Murphy was convicted of conspiring to possess controlled substances with intent to distribute and possessing counterfeit currency and sentenced to 262 months imprisonment; the judgment was affirmed on appeal. *United States v. Murphy*, 552 F.3d 405 (4th Cir.), *cert. denied*, 129 S. Ct. 2016 (2009). Murphy then filed a § 2255 motion, which I denied. *See United States v.*

*Murphy*, No. 1:06CR00062, 2011 WL 181938 (W.D. Va. Jan. 20, 2011), *appeal dismissed*, 449 F. App'x 307 (4th Cir. 2011). Specifically, I found that some of Murphy's claims were procedurally defaulted because he failed to raise them on appeal, and he failed to demonstrate cause and prejudice for the default because his claims of ineffective assistance of counsel were without merit.

In March 16, 2012, Murphy filed a pleading styled as a "MOTION FOR RELIEF OF JUDGMENT ACCORDING TO HAZEL-ATLAS PURSUANT TO RULE 60(d)(3) <u>FRAUD ON THE COURT</u> AND RULE 60(b)(3) DISCOVERY VIOLATIONS" (ECF No. 286). I construed this motion as a successive § 2255 motion and summarily dismissed it. *United States v. Murphy*, No. 1:06CR00062, Opinion and Order (W.D. Va. May 18, 2012).

On May 22, 2012, Murphy moved for reconsideration of the May 18, 2012 Order, claiming that my finding of procedural default in the original § 2255 ruling constituted a defect in the § 2255 proceeding that can be revisited under Rule 60(b) of the Federal Rules of Civil Procedure.[1] He is mistaken.

Rule 60(b) allows a party to seek relief from a final civil judgment in a limited number of circumstances, including: (1) mistake or neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; and (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-

---

[1] Murphy filed an earlier Rule 60(b) motion (ECF No. 295), but now submits a Motion to Strike it, which I grant.

(6). When a defendant seeks Rule 60 relief from the court's judgment denying his § 2255 motion, he must demonstrate "some defect in the integrity of the . . . habeas proceedings" to justify revisiting the judgment, such as an erroneous finding of procedural default or a statute of limitations bar. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). The defendant may not use Rule 60 to evade the successive petition bar contained in 28 U.S.C.A. § 2244(b) by bringing new claims that challenge the underlying conviction or sentence or that attack "the substance of the federal court's resolution of a [prior habeas] claim on the merits." *Id.* A motion that attempts such an attack must be construed and summarily dismissed as a successive § 2255 motion. *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003).

In his current submission, Murphy asserts that I erred in dismissing some of his claims as procedurally defaulted, because he proved ineffective assistance of counsel as cause for the default. Murphy does not dispute my finding that he failed to raise the defaulted claims on appeal. Thus, Murphy fails to demonstrate any defect in my default finding so as to present a proper ground for relief under Rule 60(b), and I deny Murphy's Rule 60 motion accordingly.

Murphy's current motion presents claims that he is entitled to § 2255 relief because counsel provided ineffective assistance in various respects. These claims I addressed in the original § 2255 proceeding and found to be without merit. Thus,

Murphy's current motion is nothing more than an attack on the substance of the court's past resolution of these claims on the merits, and must be construed as a successive § 2255 motion. *Gonzalez*, 545 U.S. at 532; *Winestock*, 340 F.3d at 207.

This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit. Murphy offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2255 motion. Therefore, I will direct the clerk's office to redocket Murphy's submission as a § 2255 motion, which I will summarily dismiss as successive.

A separate Final Order will be entered herewith.

        DATED: May 25, 2012

        /s/ James P. Jones
        United States District Judge